CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 06 2012

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **LARRELL D'MITRIC TIMMONS,** | ) | CASE NO. 7:12CV00527 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| **VA DEPT. OF CORRECTIONS,** | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| **Defendant.** | ) | |

Larrell D'mitric Timmons, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Timmons alleges that prison administrators denied him a transfer officials requested for him after he complained about feeling threatened in the general population. Upon review of the record, the court summarily dismisses the action as legally frivolous.

I

Timmons alleges the following sequence of events relevant to his claims. Officials at Green Rock Correctional Center in Chatham, Virginia, placed Timmons in "special housing" after he told them that he feared for his safety because he "was being recruited by gangs." On August 20, 2012, an investigator recommended that Timmons be transferred because of "gang related issues." In September 2012, however, officials advised Timmons that the request for transfer had been denied and that they would submit another request.

Timmons filed this § 1983 action in October 2012. He sues the Virginia Department of Corrections (VDOC), seeking a transfer and compensatory damages for "emotional stress."

## II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Timmons cannot prevail in his § 1983 lawsuit against the VDOC. It is well settled that a state cannot be sued under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). This rule also applies "to . . . governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." Id. at 70. The VDOC is considered an arm of the Commonwealth of Virginia and, therefore, cannot be sued under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-70 (1989); Foremost Guaranty Corp. v. Community Sav. & Loan, Inc., 826 F.2d 1383, 1386-88 (4th Cir. 1987). Because the VDOC is the only defendant that Timmons names, the court summarily dismisses the action without prejudice, pursuant to § 1915A(b)(1), as legally frivolous. An appropriate order will enter this day.[1] The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 6th day of December, 2012.

/s/ James C. Turk
~~Senior~~ United States District Judge

---

[1] Timmons' factual allegations also fail to state an actionable § 1983 claim against any officer at Green Rock, because he does not allege that anyone there has acted with deliberate indifference to his safety in light of his allegations about gang recruitment. See Farmer v. Brennan, 511 U.S. 825, 833-37 (1994) (finding that prison official cannot be liable under the Eighth Amendment for failing to protect an inmate from violence by other inmates unless the official knowingly and deliberately acts, or fails to act, reasonably in response to a known risk to inmate's safety).